UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-117-F

| | | |
|---|---|---|
| CAROL DALENKO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| W. SIDNEY ALDRIDGE, | ) | |
| Defendant, | ) | |

This matter is before the court on several motions, including: Defendant's Motion to Dismiss [DE-6]; Plaintiff's Motion for Access to Electronic Filing [DE-18]; Defendant's Protective Motion to Strike Plaintiff's Amended Complaint, or, in the Alternative, to Dismiss the Complaint [DE-28]; Plaintiff's Motion for Relief from Order [DE- 47]; Plaintiff's Motion for Leave to File Supplemental Complaint [DE-52], and Plaintiff's Motion to Expedite Access to Electronic Filing [DE-11]. All motions have been fully briefed, and are ripe for disposition.

## I. PROCEDURAL AND FACTUAL HISTORY

This action arises out of the *pro se* Plaintiff's dissatisfaction with multiple rulings against her in North Carolina state court. The facts underlying this federal lawsuit, however, begin with the *pro se* Plaintiff, Carol Dalenko ("Dalenko"), prevailing in an arbitration action against Peden General Contractors, Inc. ("Peden"). After the Superior Court confirmed the arbitration award, Dalenko instituted two lawsuits against Peden, stemming from her dissatisfaction with the North Carolina Superior Court's enforcement of the arbitration award. After the North Carolina Superior Court issued various rulings against Dalenko, she instituted this action by filing a

Complaint in this court on March 16, 2009. In the Complaint, Dalenko alleged claims of "Obstruction or Right to Contract," "Obstruction of Access to the Courts, "Fraud on the Court", and "Altering Judgment Docket." Compl. [DE-1]. Dalenko named W. Sidney Aldridge, an attorney who represented Peden, as Defendant, and alleged that Aldridge "at all times acted under 'color of law' as a licensed attorney (SBN 7579) through the Wake County Superior Courts." Compl. [DE-1] ¶ 4. Dalenko then filed an "ERRATA to Complaint filed on 16 Mar 2009" [DE-3] on March 17, 2009.

Aldridge responded by filing a Motion to Dismiss [DE-6] on April 20, 2009. Dalenko, after receiving several extensions of time, filed an "Amended Complaint" [DE-16] on June 2, 2009, and Response to Motion to Dismiss on June 4, 2009, along with a Motion for Access to the Courts [DE-18]. In the Amended Complaint, Dalenko alleges that Aldridge conspired with a Wake County Superior Court Judge to deprive her of the benefit of a judgment under the terms of an arbitration contract in violation of 42 U.S.C. § 1983, and also alleges a claim for "fraud on the court." Dalenko also continued to file motions for extensions of time to file a "memorandum" in support of her response to Aldridge's motion to dismiss.

On June 20, 2009, Aldridge filed a "Protective Motion" to strike the amended complaint, or in the alternative, to dismiss the amended complaint [DE-28]. Aldridge explained that he filed the motion out of caution, because he believed that Dalenko had previously amended her Complaint once, as a matter of right under Rule 15 of the Federal Rules of Civil Procedure by filing the "Errata" to the original Complaint, and consequently, he did not feel he needed to respond to the "Amended Complaint" which was filed without the court's permission. He also

2

Case 5:09-cv-00117-F Document 65 Filed 12/03/09 Page 2 of 10

filed a motion for an extension of time to file a response to the "Amended Complaint," which included a request that the court deem his "Protective Motion" as timely filed.

In orders filed on July 9, 2009, United States Magistrate Judge David Daniel allowed Dalenko's motion to accept as timely filed her memorandum in support of her response to motion to dismiss, and also granted Aldridge 20 days to file a response to Dalenko's "Amended Complaint" if the motions to dismiss and to strike were denied. Judge Daniel did not rule on Aldridge's request that his "Protective Motion" be deemed timely filed.

Thereafter, Dalenko filed a "Motion for Leave to File Amended Complaint II" [DE-44], seeking to file another Amended Complaint, and thereby "move this matter forward." She also filed a "Motion to Accept as Timely: 'Part II' to Plaintiff's Memorandum" [DE-42], asking that the court deem the "last" part of her response to Aldridge's "Protective Motion" be deemed timely filed. Judge Daniel denied Aldridge's motions in an Order [DE-46] filed on August 14, 2009.

Dalenko responded by filing a "Motion for Relief From Order" [DE-47] asking that the court reconsider its Order [DE-46] denying her motions. She also, on September 9, 2009, filed a Motion for Leave to File Supplemental Complaint [DE-52], seeking to including additional allegations surrounding acts that occurred between April 30, 2009 and April 14, 2009. Dalenko also filed a "Motion to Expedite Access to Electronic Filing" [DE-61] on October 21, 2009.

Finally, on November 24, 2009, Judge Daniel allowed, in part, Dalenko's Motion for Relief from Order [DE-47], and ruled that her Memorandum in Support Part II [DE-43] was timely filed. *See* November 24, 2009 Order [DE-64]. Against this backdrop, the court will now turn to the currently pending motions.

3

## II. ANALYSIS

At the outset, the court notes that the parties' disagreement over the legal effect of the "ERRATA" filed by Dalenko has protracted the legal proceedings in this court. Even if this court were to assume, however, that the "ERRATA" filed by Dalenko did not serve to amend the original Complaint once as a matter of right under Rule 15 of the Federal Rules of Civil Procedure, and therefore Dalenko could file the Amended Complaint without leave of the court, the undersigned still concludes, for the reasons set forth below, that this action must be DISMISSED.

### A. Timeliness of Aldridge's Protective Motion

As this court already has noted, the legal effect of the "ERRATA" page filed by Dalenko has engendered disagreement and confusion amongst the parties as to which pleadings are properly before the court. Aldridge believes that the ERRATA page served to amend the original Complaint, and therefore Dalenko's "Amended Complaint" was without legal effect because it was not filed with leave of court. Consequently, he asserts that he did not believe he needed to respond to the Amended Complaint, absent a court ruling instructing him to do so. After Dalenko indicated that she thought Aldridge was in default because of his failure to respond to the Amended Complaint, he filed the "Protective Motion to Strike the Proposed Amended Complaint or in the Alternative to Dismiss the Amended Complaint", along with a motion that requested, *inter alia*, that this "Protective Motion" be deemed timely filed.

Judge Daniel never explicitly ruled on Aldridge's request that the Protective Motion he filed on June 20, 2009, be deemed a timely-filed response to Dalenko's Amended Complaint. Consequently, it falls to the undersigned to consider Aldridge's request. "A moving party

4

seeking to make an untimely filing is required to demonstrate that 'the failure to act was the result of excusable neglect.'" *United States v. Premises Known as Lots 14, 15, 16*, 682 F.Supp. 288, 290 (E.D.N.C. 1987)(quoting FED..R.CIV.P. 6(b)(2)). When determining whether a party has established excusable neglect, a court should consider "the danger of prejudice to [the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The court concludes that Aldridge has established excusable neglect, and the equities of the case demand that his "Protective Motion" be deemed timely filed. There is no evidence of bad faith on Aldridge's part, and he filed the Protective Motion the day after Dalenko first suggested he was obligated to file a responsive pleading to the Amended Complaint. Moreover, in light of the numerous enlargements of time Dalenko has received, the court cannot see where she could argue that she is prejudiced by the granting of an enlargement of time to Aldridge. Consequently, Aldridge's Motion [DE-30] requesting that his Protective Motion be deemed timely filed is ALLOWED.

## B. Amended Complaint and Supplemental Complaint

Aldridge contends that Dalenko's Amended Complaint must be dismissed because, *inter alia*, she has failed to state a claim for relief under 42 U.S.C. § 1983.

### 1. Rule 12(b)(6) motion to dismiss Section 1983 claim

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court should "take the facts in the light most favorable to the plaintiff" but "need not accept the legal conclusions drawn

5

from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts, Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A claim should be dismissed for failure to state a claim if the complaint fails to allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In this case, Aldridge argues that Dalenko's claim under 42 U.S.C. § 1983 must be dismissed because she has failed to allege an essential element of the claim: the "under color of law" element.

> 42 U.S.C. provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege that (1) she was deprived of a right secured by the Constitution or laws of the United States, and that (2) the alleged deprivation was committed under color of law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Liability under Section 1983 extends only to persons acting under color of state law, a requirement equivalent to that of state action under the Fourteenth Amendment. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Accordingly, like the state action requirement under the Fourteenth Amendment, the "under color of law" element of Section 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.' " *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001)(quoting *American Manufacturers*, 526 U.S. at 50). Thus, a private party's conduct may be viewed as state action if,

and only if, the "seemingly private behavior 'may be treated as that of the State itself.' " *Brentwood Acad. v. Tennessee Secondary Sch.*, 51 U.S. 288, 295 (2001)(quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

In this case, Dalenko includes the following allegations in the Amended Complaint in an effort to satisfy the second element of her Section 1983 claim:

- "Defendant attorney acted . . . under 'color of law' in concert with a state judicial official, clerks, and trial court administrator under the judge's control to deprive the Plaintiff of her property rights, civil liberties, and her freedom protected under . . . the U.S. Constitution." Amend. Compl. [DE-16] at p.1.
- Upon information and belief, Def. Aldridge at all times acted under "color of law" at the request and with the informed consent of James M. Peden, Jr., in concert with Judge Stephens as Senior Resident [Judge], with common meeting of the minds . . . ." Amend. Compl. [DE-16] ¶ 14.
- "Any reasonable, ordinary person would conclude that Judge Stephens at all times acted under 'color' of his judicial authority, without jurisdiction were[sic] alleged, and at all times with a common meeting of the minds in concert with James M. Peden, Jr. and Def. Aldridge, on behalf of the Peden defendants under 'color' of law in the state matter to deprive Dalenko of her federally guaranteed rights . . . :"Amend. Compl. [DE-16] ¶ 85.
- "Def. Aldridge acted in concert with James M. Peden, Jr., under 'color' of void orders of the court entered without jurisdiction or that do not apply, and under 'color of law' through the judicial authority of Judge Donald W. Stephens, presiding without jurisdiction where alleged, and otherwise through his authority as Senior Resident, to deprive the Plaintiff of her federally guaranteed rights . . ." Amend. Compl [DE-16] at p. 17.

She also includes details about the various motions made by Aldridge on behalf of Peden in state court, and Judge Donald Stephens' various rulings and administrative decisions as Senior Resident Judge in the Tenth District. After reviewing Dalenko's lengthy Amended Complaint, the court concludes the pleading lacks sufficient facts to establish a *plausible* claim under Section 1983.

First, it is well-settled that "[p]rivate lawyers do not act 'under color of state law' merely

7

by making use of the state's court system." *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994)(quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). Consequently, Aldridge's representation of a client in state court, alone, does not supply the "under color of law" requirement for a Section 1983 claim.

Second, to the extent that Dalenko attempts to allege that a conspiracy existed between Aldridge and Judge Stephens, her allegations lack sufficient factual detail to support a Section 1983 claim. "To survive a motion to dismiss [a] conspiracy claim under § 1983, a plaintiff must allege both a mutual understanding to achieve some unconstitutional action reached by the private and state defendants and *some factual assertions* suggesting a meeting of the minds." *Howard v. Food Lion, Inc.*, 232 F.Supp.2d 585, 597 (M.D.N.C. 2002)(citing *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980)(emphasis added). Here, Dalenko repeatedly alleges that Aldridge and Judge Stephens had a "common meeting of the minds" to act to deprive her of constitutional rights, but she cannot rest upon this legal label without some supporting facts. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")(internal quotations and citations omitted). Although a court must "accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff", *GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001), a court does *not* need to accept "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Dalenko does not provide any factual details that

8

would support her allegation that Aldridge and Judge Stephens had a "common meeting of the minds" other than her detailed recitation of the motions made by Aldridge, and Judge Stephens' rulings thereon. Were this enough to establish a conspiracy between an attorney and the judge before whom he appears in litigation, surely the courts would be flooded by claims by disgruntled losing parties. Dalenko simply has failed to allege facts that would render her allegations of a conspiracy plausible, and consequently she has not adequately plead the "under color of law" element of a Section 1983 claim. Dalenko's Section 1983 claim against Aldridge is therefore DISMISSED.

### 2. Supplemental Complaint

Dalenko also seeks leave file a Supplemental Complaint to include allegations of Aldridge's actions, and rulings by the state court, since the filing of this Complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. To the extent that Dalenko attempts to assert a claim under 42 U.S.C. § 1983, the proposed Supplemental Complaint suffers from the same deficiencies as the Amended Complaint, and her motion [DE-52] is DENIED.

### 3. Remaining state law claims

The court, in its discretion, declines to retain jurisdiction over Dalenko's remaining state law claim for "fraud on the court." *See* 28 U.S.C. § 1367(c)(3)(providing that a district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction); *see also Timm v. Mead Corp.*, 32 F.3d 273, 277 n.2 (7th Cir. 1994)(noting that "dismissal at the pleading stage usually counsels strongly in favor of relinquishing jurisdiction"). Dalenko's Amended Complaint is DISMISSED.

9

Case 5:09-cv-00117-F Document 65 Filed 12/03/09 Page 9 of 10

## III. CONCLUSION

For the foregoing reasons, Defendant's Protective Motion for Extension of Time [DE-30] is ALLOWED, and the Defendant's Protective Motion to Strike Plaintiff's Amended Complaint or, in the Alternative, to Dismiss the Complaint [DE-28] is deemed timely filed. Moreover, Defendant's Protective Motion [DE-28] is ALLOWED, Plaintiff's Motion for Leave to File Supplemental Complaint [DE-52] is DENIED, and this action is DISMISSED. Any other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 2nd day of December, 2009.

_____
JAMES C. FOX
Senior United States District Judge